UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rico P. Howard,<br><br>    Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>    Respondent. | Case No. 19-cv-0059 (JNE/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

Rico P. Howard, MCF-Rush City, 7600 525th Street, Rush City, MN 55069, pro se

Brittany D. Lawonn and Jean E. Burdorf, Hennepin County Attorney's Office, 300 South Sixth Street, Minneapolis, MN 55487; and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101; for Respondent State of Minnesota

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on the State of Minnesota's Motion to Dismiss [Doc. No. 7] Rico P. Howard's Petition for Writ of Habeas Corpus [Doc. No. 1]. Howard filed his habeas petition pursuant to 28 U.S.C. § 2254, challenging his conviction of second-degree murder and 363-month sentence. (Pet. at 1 [Doc. No. 1].) Howard is incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota. The motion to dismiss was referred to this Court pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for the issuance of a report and recommendation. The Court concludes that Howard is not entitled to habeas relief because all of his claims are barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1). Therefore,

1

the Court recommends that the petition be dismissed, the motion to dismiss be granted, and no certificate of appealability be granted.

## I. Background

Howard pleaded guilty to and was convicted of second-degree murder in Hennepin County District Court. *State v. Howard*, No. A15-1391, 2016 WL 1397213, at *1 (Minn. Ct. App. Apr. 11, 2016). He was sentenced on June 1, 2015, to 363 months in prison. *Id.* at *2. He appealed to the Minnesota Court of Appeals, arguing that the trial court erred when it denied (1) his request for substitute counsel and (2) his motion for a downward durational departure. *Id.* at *1. The Court of Appeals affirmed in both respects, concluding that the motion for substitute counsel was untimely, that his guilty plea essentially waived his substitute counsel argument, and that his plea was voluntary. *Id.* at *3–4. Additionally, the court of appeals determined that the trial court did not abuse its discretion in refusing to grant Howard a downward durational departure at sentencing. *Id.* at *4. Howard filed a petition for review in the Minnesota Supreme Court, which denied the petition on June 29, 2016. The Minnesota Court of Appeals entered judgment on August 1, 2016. (Resp't App. at 79 [Doc. No. 8].) Howard asserts that he filed a petition for a writ of certiorari in the United States Supreme Court that was denied on April 28, 2017. (Pet. at 3.)

Meanwhile, on August 26, 2015, Howard filed a request for a restitution hearing to challenge the trial court's award of $7,408.50 to the victim's fiancé and $7,408.50 to the Minnesota Crime Victims Reparations Board. *Howard v. State*, 909 N.W.2d 595, 597 (Minn. Ct. App. 2018). The state district court did not hold a restitution hearing, but

decreased the fiancé's award to $1,400 and amended the restitution order. *Id.* On January 12, 2017, Howard filed a postconviction motion seeking to vacate the amended restitution order, which the trial court denied. *Id.* Howard appealed, and the Minnesota Court of Appeals reversed the decision and remanded the matter to the district court to schedule a restitution hearing. *Id.* at 597–98.

Howard filed a second postconviction petition on June 26, 2017, asserting he had pleaded guilty under duress from his attorneys. (Resp't App. at 119–24.) On November 29, 2017, the state district court denied the petition for lack of jurisdiction, in light of Howard's then-pending direct appeal of his conviction. (*Id.* at 140–42). In the alternative, the court found the claim barred by *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). (*Id.* at 142–43.)

Howard filed his federal habeas petition pursuant to § 2254 on January 9, 2019. [Doc. No. 1.] He raises four grounds for relief: (1) the trial court erred when it denied his request for a downward departure; (2) the trial court erred when it denied him substitute counsel; (3) his attorney manipulated him into pleading guilty and thus his plea was not voluntary; and (4) new evidence will prove his actual innocence. (Pet. at 5–10 [Doc. No. 1].) The first three grounds relate to claims that were the subject of Howard's direct appeal. Howard believes that his petition is timely because his state postconviction petition tolled the applicable one-year statute of limitations. (Pet. at 14 [Doc. No. 1].)

The State of Minnesota filed its response on February 13, 2019. [Doc. No. 6.] The State contends that all of Howard's claims are barred by the one-year statute of

limitations, that Howard has not exhausted his fourth claim, and that all claims fail on the merits.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year statute of limitations for state prisoners to file habeas corpus petitions seeking federal court review of their convictions or sentences. 28 U.S.C. § 2244(d).

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A.     Howard's First Three Grounds for Habeas Relief

The one-year limitation period for the first three grounds asserted in Howard's federal habeas petition began to run when the criminal judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).  After the Minnesota Supreme Court denied Howard's petition for review, he had 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court.  *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012); Sup. Ct. R. 13.1.  Howard asserts that he filed a petition for a writ of certiorari in the United States Supreme Court that was denied on April 28, 2017, but he did not submit proof of any such filing or disposition, and neither the state court docket nor the United States Supreme Court website indicates that Howard filed a petition for a writ of certiorari.[1] Thus, the Court finds that Howard did not file a petition for a writ of certiorari in the United States Supreme Court.  As a result, the Court concludes that the state court judgment became final, for statute-of-limitations purposes, on October 31, 2016, which was 90 days after judgment was entered on August 1, 2016.  At that point, the deadline for Howard to file his § 2254 petition was October 31, 2017.

The applicable statute of limitations is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" 28 U.S.C. § 2244(d)(2).  The statute remains tolled during the entire period of time that such collateral proceedings continue to be

---

[1] Another order—the state district court's order denying Howard's first postconviction petition—was entered on April 28, 2017, which perhaps explains Howard's reference to that date.

5

pending in any state court, including the state appellate courts. *Mills v. Norris*, 187 F.3d 881, 883–84 (8th Cir. 1999).

Howard filed two petitions for postconviction relief. The first, filed on January 12, 2017, pertained solely to restitution, not Howard's conviction, sentence, or any other ground on which now Howard now seeks relief. (Resp't App. at 82, 84–88.) Howard does not raise any challenge to the restitution award or procedure in his federal habeas petition. In addition, the restitution order was entered separately and subsequent to the entry of the criminal judgment. Under Minnesota law, a restitution order is docketed as a judgment in a civil action, not as a judgment in the criminal case. *See* Minn. Stat. § 611A.04, subd. 3.

Based on the above, the Court finds that the first postconviction petition did not pertain to the judgment challenged in the federal habeas petition or any claim raised in the federal habeas petition. Accordingly, the Court concludes that the first postconviction petition did not toll the applicable limitations period for the federal habeas petition. *See* 28 U.S.C. § 2244(d)(2) (requiring postconviction petition to pertain to the claim or judgment set forth in the habeas petition); *Westin v. Harris*, No. 12-CV-3891-MWF MLG, 2012 WL 2860511, at *4 (C.D. Cal. July 3, 2012) (finding that a challenge to a restitution order did not toll the limitations period because it was not filed "with respect to the pertinent judgment or claim"), *R. & R. adopted*, 2012 WL 2849394 (C.D. Cal. July 11, 2012); *Grace v. Giles*, No. 1:05-CV-634-WKW(WO), 2006 WL 1663550, at *2 (M.D. Ala. June 15, 2006) (determining that a motion challenging restitution did not

6

affect the limitations period because it did not attack the conviction or sentence that was imposed).

Howard filed his second petition for postconviction relief on June 26, 2017. By then, 237 days had passed on the one-year clock. Because the second postconviction petition pertained directly to the guilty plea and criminal judgment, the filing of this petition tolled the statute of limitations as of June 26, 2017. The state district court denied the petition on November 29, 2017. Howard did not appeal the denial of the postconviction petition, and thus the clock began running again on January 29, 2018, sixty days after the denial of the petition. *See Williams v. Bruton*, 299 F.3d 981, 983, 2002 WL 1900840 (8th Cir. 2002) (holding that a postconviction petition "is 'pending' (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal"); Minn. R. Crim. P. 28.02, subd. 4(3)(c) (establishing 60-day deadline to appeal an order denying a postconviction petition).

When the clock resumed running on January 29, 2018, 237 days had passed, leaving 128 days on the clock. That meant Howard had to file his federal habeas petition by June 6, 2018, for it to be timely under § 2244(d)(1). Howard filed his petition on January 9, 2019, well past that date. Accordingly, Howard's first three claims are time-barred.

### B.     Howard's Fourth Ground for Habeas Relief

Howard's fourth ground for habeas relief is that new evidence will prove his actual innocence. In support of this claim, Howard provided an affidavit from an individual named Russell James, who averred that he knew both Howard and the victim,

7

that Howard asked James to accompany him to the address where the crime occurred, that he was present when Howard killed the victim, and that Howard acted in self-defense. [Doc. No. 1-1.]

This claim is also untimely, because Howard knew, or could have discovered through the exercise of due diligence, the factual predicate of this claim before he pleaded guilty. Section 2244(d)(1)(D) extends the accrual date for claims based on new evidence to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." It is clear from the content of the affidavit that Howard knew or could have known of the facts set forth therein by at least June 1, 2015, the date on which he pleaded guilty. Nothing precluded Howard from obtaining or providing this evidence earlier, and it therefore does not warrant extending the accrual date of the statute of limitations.

Even if Howard's actual innocence claim were timely, however, it fails on the merits. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Howard does not assert such an independent violation. The sole basis for his actual innocence claim is the newly discovered evidence. "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

8

### C.     Equitable Tolling

The Court has considered whether the doctrine of equitable tolling could save this action from being time-barred. *See Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) (recognizing that "the one year AEDPA limit . . . may be equitably tolled"). Equitable tolling is available, however, only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" or "when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Howard has not requested equitable tolling, though he does suggest that impeded access to a "jailhouse lawyer" caused him to file his petition outside of the statute of limitations. A lack of access to a "jailhouse lawyer" does not warrant equitable tolling. *Hill v. Kelley*, No. 5:16CV00248 JLH/PSH, 2017 WL 1240780, at *4 (E.D. Ark. Mar. 14, 2017), *R. & R. adopted*, 2017 WL 1234137 (E.D. Ark. Apr. 3, 2017); *see also Kreutzer*, 231 F.3d at 463 ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (dicta).

### III.    Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would

9

find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Howard's claims any differently than they have been decided here.  Howard has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.  It is therefore recommended that Howard should not be granted a COA in this matter.

### IV. Recommendation

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus [Doc. No. 1] be **DENIED**;

2. Respondent's Motion to Dismiss [Doc. No. 7] be **GRANTED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. A certificate of appealability not be granted.

Date: July 19, 2019                    s/ *Hildy Bowbeer*
                                       HILDY BOWBEER
                                       United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).